UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HATIKVAH INTERNATIONAL ACADEMY
CHARTER SCHOOL,

Plaintiff,

v.

EAST BRUNSWICK TOWNSHIP BOARD
OF EDUCATION, et al.,

Defendants.

Civil Action No. 20-2382 (AET) (ZNQ)

**MEMORANDUM OPINION**

This matter comes before the Court upon Plaintiff Hatikvah International Academy Charter School's ("Hatikvah") Motion for Authorization to File Verified Complaint Under Seal (the "Motion"). (Mot., ECF No. 13.) Hatikvah seeks to have its Complaint and supporting exhibits permanently sealed in compliance with the Federal Family Educational Rights and Privacy Act, 20 U.S.C. section 1232g ("FERPA") and N.J. Administrative Code section 6A:32-7.1. (Moving Br. 2, ECF No. 13-2.) The Motion is unopposed.

"Education records" are materials that "contain information directly related to a student" and "are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. § 1232g(a)(4)(A). With exceptions not relevant here, FERPA prohibits education agencies from disclosing students' personally identifiable information ("PII") without the prior written consent of a parent. *Id.* § 1232g(b)(1). An educational institution may release the records without parental consent "after the removal of all personally identifiable information provided that the educational agency or institution or other party has made a reasonable determination that a student's identity is not personally identifiable, whether through single or

multiple releases, and taking into account other reasonably available information." 34 C.F.R. § 99.31(b)(1).

New Jersey's regulations are stricter. The New Jersey Administrative Code defines "student record" as "*information related to an individual student* gathered within or outside the school district and maintained within the school district, regardless of the physical form in which it is maintained." N.J. Admin. Code § 6A:32-2.1 (emphasis added). "Essential in this definition is the idea that any information that is maintained for the purpose of second-party review is considered a student record." *Id.* "Although the federal regulations, specifically 34 C.F.R. § 99.31(b), permit disclosure of redacted education records to third parties without parental consent when all PII is removed, FERPA does not mandate such disclosures," and states are not precluded from adopting stricter privacy protections. *L.R. v. Camden City Pub. Sch. Dist.*, 171 A.3d 227, 244 (N.J. App. Div. 2017). Thus, even redacted documents that may be properly disclosed under FERPA, may still be protected student records under New Jersey law. *Id.* at 243; *see also L.R. v. Camden City Pub. Sch. Dist.*, 213 A.3d 912, 917 (N.J. 2019) (Patterson, J., concurring) (decision of the Appellate Division affirmed by an equally divided Court).

Any item filed with the Court is considered a "judicial record." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). "[D]istinct from the District Court's ability to protect discovery materials under [Federal Rule of Civil Procedure ("Rule")] 26(c), the common law presumes that the public has a right of access to judicial materials." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "[T]he strong presumption of openness inherent in the common law right of access 'disallows the routine and perfunctory closing of judicial records.'" *Id.* at 677 (quoting *In re Cendant Corp.*, 260 F.3d at 193–94). To overcome the presumption, the party seeking to have the records sealed "must demonstrate that the material

contains the type of information that courts will protect and that there is good cause for [the] order . . . ." *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004). "Good cause is established if there is a showing that disclosure will result in a clearly defined and serious injury to the party seeking to overcome the presumption of access." *Id.*; *see also Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984)). In delineating the injury to be prevented, it is essential for the party seeking the seal to be specific; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d at 194. "[C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d at 673 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993)).

Before court filings may be sealed, Local Civil Rule 5.3(6) requires the Court to consider and make findings on each of the factors set out in Local Civil Rule 5.3(3). Those factors are:

> (a) the nature of the materials or proceedings at issue;
>
> (b) the legitimate private or public interest which warrant the relief sought;
>
> (c) the clearly defined and serious injury that would result if the relief sought is not granted;
>
> (d) why a less restrictive alternative to the relief sought is not available;
>
> (e) any prior order sealing the same materials in the pending action; and
>
> (f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3.

Considering the first factor, the nature of the materials or proceedings at issue, notably, the Court maintains federal question jurisdiction under 28 U.S.C. § 1331, because this action was filed in federal court under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(j). (Compl. ¶¶ 1, 28–38.) "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable & Sons Metal Products Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (citations omitted). "[T]he federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Id.* at 313–14. In a federal forum concerning an action that arises under well-pleaded federal question jurisdiction, the Court will appropriately apply federal law in accordance with congressional intent to place IDEA actions into such a forum. For this reason, the Court will accord with FERPA, not the New Jersey Administrative Code. FERPA permits for redaction of PII, and the Court will instruct Hatikvah to redact any PII from the Complaint before filing it on the public docket. Adherence to FERPA will not cause serious injury to the student at issue, is a less restrictive alternative to sealing the entire Complaint, and averts depriving the public of its legitimate interest in the proceedings. Exhibit B is a letter petition for due process, Exhibit D is the Board's formal petition for a due process hearing, Exhibit G is an Order Granting Emergency Relief, Exhibit K is the Board's "Supplemental Brief on Issue of Mootness," Exhibit M is the "Description of Instructional Practices Template," and various legal documents submitted on appeal in state court by Hatikvah. It is practicable that these exhibits can be redacted according to the prescribed restrictions in FERPA.

Exhibit H is a missive from the Director of the Office of Special Education Programs which explains findings concerning an on-site visit, Exhibit I contains the New Jersey Department of

Education, Office of Charter and Renaissance School "Performance Framework" (updated July 2017), Exhibit J is the Charter and Renaissance School "Transportation Procedures" (dated September 2014), Exhibit L is a "Final Decision Approving Settlement." They need not be redacted and shall be refiled.

Exhibit A details the students Individualized Education Program ("IEP"); Exhibits C and E are transcripts of the administrative proceedings; and Exhibit F contains two letters detailing the parents' financial status. Due to the substantial redacting that would be required in relation to the exhibits, the Court finds redacting the exhibits impractical, and they will be sealed.

To the extent Hatikvah is concerned about noncompliance with the New Jersey Administrative Code under *L.R. v. Camden City Public School District*, the decision specifically contemplates public access pursuant to a court order such as this one. 171 A.3d 227, 246 (N.J. App. Div. 2017), *aff'd* 213 A.3d 912 (N.J. 2019) (contemplating that "non-qualifying organizations and persons" could "gain access to appropriately-redacted versions" of records under N.J. Admin. Code 6A:32-7.5(e)(15), which permits access "upon the presentation of a court order[.]")

For the reasons stated above and for other good cause shown,

**IT IS** on this 3rd day of August, 2020

**ORDERED** that Hatikvah's Motion to Permanently Seal the Complaint (ECF No. 13) is **DENIED** as to the Complaint and Exhibits B, D, G, K, and M; Hatikvah shall file copies of said items within thirty (30) days of entry of this order; and it is further

**ORDERED** that Exhibits H, I, J, and L, need not be redacted nor sealed, and Hatikvah shall file unredacted copies within thirty (30) days of entry of this order; and it is further

**ORDERED** that Plaintiff Hatikvah International Academy Charter School's Motion to Permanently Seal the Complaint (ECF No. 13) is **GRANTED** as to Exhibits A, C, E, and F; these exhibits shall be permanently sealed.

                                                  ZAHID N. QURAISHI
                                                  UNITED STATES MAGISTRATE JUDGE